IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MELISSA DORIS FAVRE, #L4003**  PLAINTIFF

**VERSUS**  **CIVIL ACTION NO. 1:10-cv-32-HSO-JMR**

**STATE OF MISSISSIPPI, et al.**  DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Favre is an inmate of the Mississippi Department of Corrections (MDOC), who filed this *in forma pauperis* Complaint on January 27, 2010, pursuant to 42 U.S.C. § 1983. The named Defendants are: the State of Mississippi; MDOC; Stephen B. Simpson, Judge; Lisa Dobson, Assistant District Attorney; Larry Bourgeois, Jr., Assistant District Attorney; John Noble, investigator; LouAnn O'Bannon, investigator; and James Render. On March 9, 2010, the Court ordered Plaintiff to file a written response containing specific information regarding her claims. Plaintiff filed her Response [15] on April 7, 2010.[1] Plaintiff's Response voluntarily dismisses James Render as a Defendant. Upon liberal review of the Complaint, Response, and entire record, the Court has reached the following conclusions.

---

[1]On April 5, 2010, an Order [14] was entered granting Plaintiff's Motion for an Extension of Time, thus her Response was timely filed.

## I.  BACKGROUND

Plaintiff states that on September 21, 2002, she was convicted of aggravated assault in the Circuit Court of Harrison County, and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.  The Court of Appeals for the State of Mississippi affirmed her conviction on July 13, 2004.  *See Favre v. State of Mississippi*, 2002-KA-01958-COA (Miss. Ct. App., July 13, 2004).

Plaintiff alleges that during the course her arrest, trials,[2] and conviction, she was denied due process and equal protection of the law, in violation of her constitutional rights.  Specifically, Plaintiff complains that Judge Simpson did not allow the jury to hear her full testimony, nor did he permit a witness who appeared before the Grand Jury to testify at trial.  Plaintiff claims that Assistant District Attorney Dobson failed to disclose information pertaining to a certain witness to the defense.  She further maintains that Assistant District Attorney Bourgeois did not have probable cause to obtain a "body search" warrant, that he failed to ask the victim at trial who assaulted him, that his case was based only on hearsay and circumstantial evidence, and that one of the jurors was also his neighbor.  Plaintiff alleges that Investigators Noble and O'Bannon paid a witness for her testimony.  As relief in this action, Plaintiff seeks her immediate release from incarceration, "exoneration" of the charges, and monetary damages. *See* Compl. [1], p.4 ; Resp. [15], p.5.

---

[2]Plaintiff states that her first trial ended in a mistrial in December 2001.

## II. ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous under § 1915, if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to this case.

In a suit filed *in forma pauperis* under § 1915, the district court is "authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A district court may also consider, *sua sponte*, "affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *See id.; see also Gartrell*, 981 F.2d at 256; *Lopez-Vences v. Payne*, 74 Fed. App'x 398 (5th Cir. 2003). It is well settled that when a complaint is barred by the applicable statute of limitations, such claims are properly dismissed as legally frivolous, under § 1915. *See Gartrell*, 981 F.2d at 256; *see also Ramon v. Rodriguez-Mendoza*, No. 09-50607, 2010 WL 1287062, \*1 (5th Cir. Apr. 1, 2010)(affirmed district court's dismissal of prisoner § 1983 case as frivolous because it was barred by statute of limitations); *Bates v. Price*, No. 09-10298, 2010

3

WL 760421, *1 (5th Cir. Mar. 5, 2010)(prisoner case barred by statute of limitations, and dismissed as frivolous, counts as a "strike" under § 1915(g)).

There is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this Court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations in this matter. *See id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F. Supp. 1222, 1230 n.12 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* (internal quotations and citations omitted) As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski, supra*). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *See Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Mississippi does not afford a tolling provision for incarceration.

Plaintiff complains that her constitutional rights were violated during her arrest on December 24, 1997, and during her two ensuing criminal trials, which occurred in December 2001 and September 2002. Even construing her allegations liberally, Plaintiff was aware of her injury, and the connection between the injury and Defendants' alleged conduct, no later than September 2002. *See Piotrowski*, 237 F.3d at 576. Giving Plaintiff the benefit of this later date, the limitations period expired in September 2005. Plaintiff's claims accrued more than three years prior to the filing of the present action on January 27, 2010, and are therefore time-barred.

Finally, the Court notes that Plaintiff's request for her immediate release from incarceration is not available under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(habeas petition is proper vehicle to seek release from custody). A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 claim. *See id. (citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)). Plaintiff's

request for immediate release from incarceration is not properly before this Court and will be dismissed, without prejudice.[3]

### III. CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 accrued more than three years prior to the filing of the present action, and are time-barred. Therefore, the Complaint will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with prejudice. Any possible claims for habeas corpus relief which Plaintiff may be asserting in this case will be dismissed without prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[4] If Plaintiff receives "three strikes" she will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[4]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

THIS the 19th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE